# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ADAM RYAN McALISTER,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:21CV00558 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **MIDDLE RIVER REGIONAL JAIL** ) | JUDGE JAMES P. JONES |
| **STAUNTON, VA, ET AL.** ) | |
| ) | |
| Defendants. ) | |

*Adam Ryan McAlister, Pro Se Plaintiff.*

The plaintiff, Adam Ryan McAlister, a Virginia jail inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, alleging unfair denial of access to a jail work release program. Because his Complaint fails to state a claim upon which relief could be granted, I will summarily dismiss the action.

McAlister's allegations in the Complaint are brief:

On Aug. 9, 2021 (Author 723) responds to request. The work release program is offered but not available. Equal opportunity rights as a VADOC offender is violated.

I've asked about work release program after it[']s been revised in handbook. The program doesn[']t exist do [sic] to local politics not giving the jail money to expand. And we[']re being treated unfairly.

Compl. 2, ECF No. 1. He names the following defendants: Middle River Regional Jail in Staunton, Virginia ("Middle River"); Administrator Jerry L. Newton; Major

Young; and Captain Dowell. As relief in this lawsuit, McAlister seeks to have "the work release program reinstated at the facility." *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may summarily dismiss a § 1983 action brought by a prisoner about prison conditions if the court concludes that it "is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is *plausible* on its face." *Giarrantano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). To state a viable claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). To satisfy this requirement, a plaintiff must state specific facts about what each defendant did, personally, that violated the plaintiff's constitutional rights.

McAlister's Complaint fails to meet these basic requirements. As an initial matter, he cannot sue Middle River itself as a defendant. A jail is only a building and cannot qualify as a person subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a

person under § 1983" and thus "lacks the capacity to be sued as a jail"). Thus, all claims against the jail must be dismissed.

While McAlister also names individuals jail officials as defendants, he fails to state how each of them violated his constitutional rights. Indeed, their names appear only in the heading of his Complaint. He does not state facts about what action or actions each one of them took to deprive him of any constitutionally protected right. More specifically, he does not describe how any one or more of these individuals was personally involved or responsible for the alleged lack of access to work release for Middle River jail inmates. Without facts showing the personal involvement of each defendant in depriving McAlister of a constitutionally protected right, the Complaint states no claim against these defendants.

In any event, McAlister has no constitutional right to the benefit of work release while incarcerated at Middle River. Federal courts of appeals have consistently held that an inmate's wish to obtain or keep a prison job, such as work release, does not implicate a protected liberty interest so as to trigger constitutional due process protections. *See, e.g., Kitchen v. Upshaw*, 286 F.3d 179, 186-87 (4th Cir. 2002) (finding that plaintiff had not been deprived of any liberty interest when prison officials refused to allow him to participate in work-release program even though his sentencing order had stated that he might participate in such a program if eligible). Similarly, courts have held that differing privileges at separate detention

facilities is not unequal treatment actionable under the Equal Protection Clause. *See, e.g., Strickler v. Waters*, 989 F.2d 1375 (4th Cir.1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions, including overcrowding, inadequate exercise facilities, poor climatological conditions, and an inadequate library with restricted access).

    For the stated reasons, I will summarily dismiss this action without prejudice, pursuant to § 1997e(c)(1) for failure to state a claim upon which relief could be granted. An appropriate order will enter herewith. Dismissal of the action without prejudice leaves McAlister free to refile his claims in a new and separate civil action if he can correct the deficiencies described in this Opinion.

    A separate Final Order will be entered herewith.

DATED: January 24, 2022

/s/  JAMES P. JONES
Senior United States District Judge